**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NESTOR BOHORQUEZ MORALES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2317-PRW** |
| | ) | |
| **CHRIS GANTT, Warden of Cimarron, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Nestor Bohorquez Morales, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on or about April 17, 2023, through Venezuelan Humanitarian Parole, a type of temporary protected status ("TPS"). Doc. 7-2 at 1 (I-94 Summary) (showing an arrival/issued date of April 17, 2023); Doc. 7-3 at 2 (ICE Record). Originally, he was admitted to remain in the United States until April 15, 2025. Doc. 7-2 at 1. Petitioner's TPS terminated on or before January 18, 2025. Resp. at 1; Doc. 7-3 at 3. Petitioner did not depart the United States when his TPS was terminated. *See* Doc. 7-3 at 1-2.

On July 7, 2026, a Grady County law enforcement officer encountered Petitioner during a traffic stop and detained him. Doc. 7-3 at 2; *see* Pet. at 2 (indicating "07/07/2026" as the date of decision or action).[2] On July 8, 2026, ICE took custody of Petitioner pursuant to a warrant for arrest. Pet. at 4; Doc. 7-3 at 1 (showing a "date of action" of "07/08/2026"); Doc. 7-4 at 1 (Warrant for Arrest). That same day, ICE placed Petitioner into removal proceedings before the Immigration Court through the issuance of a Notice to Appear and charged him with being an immigrant "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document" and not in possession of a valid unexpired passport, as well as not in possession of other suitable travel and identification documents, all under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Doc. 7-1 at 1, 4 (Notice to Appear).

---

[2] Citations to the Petition, Doc. 1, utilize the CM/ECF page numbers in its header.

On August 5, 2026, an Immigration Judge ("IJ") denied Petitioner's request for bond based on "no jurisdiction." Doc. 7-5 at 1 (citation modified) (IJ Order).[3] This decision presumably was because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing. Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), but acknowledge *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026), "compels a different outcome" regarding the statutory authority for Petitioner's detention. Resp. at 2.

An IJ granted Petitioner voluntary departure on September 28, 2026. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Sept. 30, 2026). Petitioner's deadline to appeal this decision is October 28, 2026. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 30, 2026).

## II. Petitioner's Claims

Petitioner asserts two counts in his Petition.

- **Count I: Violation of Due Process**. Petitioner alleges his arrest without a warrant and his continued detention without an

[3] It is unclear whether an IJ reached a no-jurisdiction decision once or twice. *See* Doc. 7-5 at 1 (IJ no-jurisdiction decision issued on August 5, 2026); Pet. at 5 (stating an IJ issued a no-jurisdiction decision on July 21, 2026). Whether one IJ or two IJs determined jurisdiction did not exist for a bond is not material to the undersigned's analysis. If two hearings occurred, the record evidence indicates an IJ issued the same ruling in each.

individualized bond redetermination hearing violate his right to due process. Pet. at 6.

- **Count II: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention is unlawful and violates the INA because 8 U.S.C. § 1226(a) requires that he receive a bond hearing. Pet. at 6.

He asks the Court to order his immediate release. *Id.*

## III. <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. <u>Analysis</u>

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles

the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges § 1226(a) governs his current detention. Pet. at 6. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A), but they acknowledge Tenth Circuit precedent "compels a different outcome." Resp. at 2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent, the Court should apply § 1226(a) to govern Petitioner's current detention. *See, e.g.*, *Morales Castellanos v. Grant*, No. CIV-25-1490-PRW, 2026 WL 2243981, at *1 (W.D. Okla. Aug. 4, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[4]

[4] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026

Further, Petitioner's application for asylum, Pet. at 7, does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release" from ICE custody. Pet. at 7. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Morales Castellanos*, 2026 WL 2243981, at *1 (concluding § 1226(a) governs petitioner's detention and respondents must provide "an individualized bond hearing"). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a)

---

WL 2661092, at *20-21 (4th Cir. Sept. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 483 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[5]

**C. The Court should decline to address Petitioner's due process claim.**

Petitioner also argues his continued detention without a bond hearing violates his right to due process. Pet. at 6. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claim based on his continued detention. *See, e.g.*, *Madzhnunov v. Grant*, No. CIV-26-699-PRW, 2026 WL 2390750, at *1 (W.D. Okla. Aug. 17, 2026) ("The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing."); *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

[5] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 7, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 13, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of September, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE