**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

NESTOR LUIS BOHORQUEZ MORALES,

Petitioner,

v.

CHRIS GANTT, *et al.*,

Respondents.

Case No. CIV-26-2317-PRW

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. Petitioner asserts that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), whereas ICE contends that his detention is governed by § 1225(b)(2)(A), which mandates detention. On September 30, 2026, Magistrate Judge Chris M. Stephens issued a Report and Recommendation (Dkt. 8) recommending that the Court grant in part Petitioner's request for habeas relief and order a bond hearing.

Respondents filed an objection to the Report and Recommendation but have no objection to Judge Stephens' determination that 8 U.S.C. § 1226(a) controls Petitioner's detention.[1] Because the Petition alleges—and Respondents do not dispute—that ICE

[1] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate); Resp'ts' Obj. (Dkt. 10), at 1.

arrested Petitioner within the interior United States, *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), mandates that he is detained pursuant to § 1226(a).[2]

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. 8) and **GRANTS** the Petition **IN PART** (Dkt. 1).

The Court **ORDERS** the United States to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[3] The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing. The Court **ORDERS** the United States to file a status report within ten days of this Order.

**IT IS SO ORDERED** this 30th day of October 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[2] *Santillan Quiroz v. Mullin*, 180 F.4th at 1250–51.

[3] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.